**UNITED STATES of America, Plaintiff–Appellee,**

v.

**GOOD SAMARITAN CHURCH; Jerome F. Przybyla and Priscilla Przybyla, Defendants–Appellants.**

No. 93–35017.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 1994 *.

Decided July 7, 1994.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Jeffrey A. Dickstein, Tulsa, OK, for defendants-appellants.

Michael L. Paup, Acting Asst. Atty. Gen., Washington, DC, for plaintiff-appellee.

Before: POOLE, BRUNETTI and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

We dismiss this appeal because the appellants won the case below. They lost on the issue which they want us to review, but the decision on that issue has no effect on them.

The Przybylas transferred property to the Good Samaritan Church. A year later, the IRS assessed a tax deficiency against them. The IRS seized the church property on the ground that Good Samaritan Church was the nominee or alter ego of the Przybylas. The IRS bid the property in an auction, and brought this action to quiet title to the church property.

On cross-motions for summary judgment, the district court determined that Good Samaritan Church was the Przybylas' alter ego. But the IRS lost anyway. The court determined that the sale was invalid because the IRS improperly served the notice of sale. The Przybylas lost nothing in the lawsuit.

Only the government sought affirmative relief in the suit, and it got none. The Przybylas want us to review the district court's alter ego determination. We do not review that determination, and intimate no conclusion about whether it was correct. *Cf. Towe Antique Ford Found. v. Internal Revenue Serv.,* 999 F.2d 1387 (9th Cir.1993).

"A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242, 59 S.Ct. 860, 860, 83 L.Ed. 1263 (1939); *see also Public Serv. Comm'n v. Brashear Freight Lines, Inc.,* 306 U.S. 204, 206–07, 59 S.Ct. 480, 481–82, 83 L.Ed. 608 (1939) (party may not appeal favorable decision); *Clapp v. Commissioner,* 875 F.2d 1396, 1398 (9th Cir. 1989) (same). The rule that only a party aggrieved by a judgment may appeal from it is one of federal appellate practice, not Article III jurisdiction, so a collateral ruling may sometimes give rise to a right to appeal, even for a party which has prevailed on the merits. *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 333–34, 100 S.Ct. 1166, 1171–72, 63 L.Ed.2d 427 (1980); *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 626 (9th Cir.1991).

If the alter ego determination from the summary judgment order had found its way into the judgment then review might be appropriate to "direct reformation of the decree." *Electrical Fittings,* 307 U.S. at 242, 59 S.Ct. at 861. But the judgment in favor of the Przybylas and Good Samaritan Church dismissed the government's case without prejudice. That is all it did. The order granting the government's motion for summary judgment on the alter ego issue determined that Good Samaritan Church was the Przybylas' alter ego, but all the judgment said was that the government's "complaint is dismissed without prejudice." There was no declaratory judgment language in the form of judgment used, no injunctive relief, and nothing to establish any rights or liabilities on the basis of the alter ego determination. In these circumstances, all the summary

judgment established was that in the 1991 lawsuit, the Przybylas failed to establish a genuine issue of material fact regarding the alter ego issue.

■ The government may now be able to give proper notice of sale and again sue to quiet title. The Przybylas fear that in a second lawsuit the government will use issue preclusion to bar them from relitigating the alter ego determination. Issue preclusion determines whether the Przybylas and Good Samaritan Church can appeal now. They have to be able to appeal the alter ego determination sometime if an adverse finding will cost them their property.

For issue preclusion to operate, the alter ego determination would have to have been "necessarily determined" in the district court decision. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Carter v. United States,* 973 F.2d 1479, 1482 (9th Cir.1992). It was not. The district court dismissed the government's case because the government did not give proper notice. It could have reached that decision regardless of how the alter ego issue came out, or without reaching the alter ego issue at all. The government correctly concedes that "[t]he District Court's ruling that the Good Samaritan Church was the alter ego of the Przybylas was clearly unnecessary to its ultimate conclusion that the Government did not acquire good title to the subject property because it failed to strictly comply with the notice of sale provisions." Appellee's brief at 16.

The Przybylas are not precluded from relitigating the alter ego determination. Determinations which are immaterial to the judgment below have no preclusive effect on subsequent litigation, especially if they cannot be appealed. *Alltrade,* 946 F.2d at 627 n. 10. The judgment was entirely favorable to appellants so we have no jurisdiction over the appeal. To the extent that the district court order was not favorable to appellants, it does not bind them in subsequent litigation. They will be able to relitigate the alter ego issue if the government sues them again, and, if they lose, they will have the right to appeal the determination.

The appeal is **DISMISSED.**