**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVE SHELDON,

      Plaintiff-Appellee/Cross-
      Appellant,

v.

JAY VERMONTY; CARMEN
VERMONTY; GERSHON
TANNENBAUM,

      Defendants-Appellants/Cross-
      Appellees.

Nos. 02-3364 & 03-3048
(D.C. No. 98-CV-2277-JWL)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **ANDERSON** , and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

These appeals arise out of an action for securities violations and fraud brought by plaintiff to redress losses suffered in stock transactions involving a corporation controlled and promoted by defendants. After the jury found against defendants and awarded plaintiff $38,722 in compensatory damages, the district court heard additional evidence and awarded plaintiff $150,000 in punitive damages, $35,921 in statutory interest, $186,000 in attorney fees, and $12,000 in costs. Plaintiff filed a motion to alter or amend judgment, seeking an increase in the punitive damages, fees, and costs. The district court increased the award of costs to $12,143, but left the punitive damages and fee awards unchanged.

Both sides appealed. In Appeal No. 02-3364, defendants assert numerous objections regarding the judgment of liability and the determination of damages.[1] In Appeal No. 03-3048, plaintiff raises several issues regarding the fee award and also challenges, more summarily, the district court's determination of punitive damages and costs. We affirm in both appeals, with one minor modification regarding plaintiff's allowable costs.

---

[1]     Defendants filed a notice of appeal following the jury verdict but before the district court determined punitive damages, and then failed to file a notice of appeal with respect to the subsequent award of punitive damages, fees, and costs. In the meantime, however, this court ordered the parties to brief the question of jurisdiction in Appeal No. 02-3364, and we now hold that defendants' resultant memorandum brief, filed December 5, 2002, "gives the notice required by Rule 3 [of the Federal Rules of Appellate Procedure, and] is effective as a notice of appeal" sufficient to encompass the matters defendants address in their merits briefs. *Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

**Defendants' Appeal (No. 02-3364)**

Several issues raised by defendants concern trial matters that fall within the discretion of the district court, including the admission and exclusion of evidence, *see McCue v. Kan., Dep't of Human Resources*, 165 F.3d 784, 788 (10 th Cir. 1999), enforcement of procedural provisions of the pretrial order, *see Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1425 (10 th Cir. 1991), handling of alleged juror misconduct, *see United States v. McVeigh*, 153 F.3d 1166, 1185 (10th Cir. 1998), and maintenance of courtroom decorum, *see United States v. Okoronkwo*, 46 F.3d 426, 436 (5 th Cir. 1995). Upon consideration of the parties' contentions and the pertinent materials, we discern no abuse of discretion by the district court in any of these respects.

Plaintiff prevailed on his claim under Kan. Stat. Ann. § 17-1255 that defendants aided and abetted the sale of unregistered securities. The only affirmative defenses to this claim asserted by defendants in the pretrial order had been that the securities were exempt from registration requirements pursuant to Kan. Stat. Ann. § 17-1262(c) and (h). *See* R. doc. 257 at 32-33; *see also id.* at 11. Now, on appeal, defendants complain that they were not given the opportunity to prove that the securities were also exempt under Kan. Stat. Ann. § 17-1262(b), citing only to the trial record where, again, they made no reference to this distinct exemption. *See* R. doc. 361 at 561-63; *see also id.* at 564-70 (further discussion

of § 17-1262(c) & (h) defenses). We reject defendants' attempt to expand the scope of their preserved and presented trial defenses.

In contrast to plaintiff's success on the aiding and abetting claim under § 17-1255, plaintiff failed to persuade the jury that defendants had also violated Kan. Stat. Ann. § 17-1254 by acting as broker-dealers themselves. Yet on appeal defendants object to the admission of evidence plaintiff offered, ineffectually, to prove that they were required to register as broker-dealers. "It is elementary that a litigant is not entitled to have the court decide the merits of an issue he raises unless he can show some basis for arguing that the challenged action has caused him a cognizable injury." *Ass'n Against Discrimination in Employment, Inc. v. City of Bridgeport*, 710 F.2d 69, 73 (2d Cir. 1983). Given the disposition of the claim in their favor, defendants lack standing merely to seek review of subsidiary rulings or findings they deem erroneous. *See United States v. Good Samaritan Church*, 29 F.3d 487, 488 (9 th Cir. 1994).

In conjunction with seeking an evidentiary hearing on punitive damages, plaintiff's counsel submitted an affidavit from plaintiff that was later revealed to have been improperly notarized by counsel outside plaintiff's physical presence. When the circumstances were explained, candidly, by counsel, the district court found no fraudulent intent had been involved and elected to strike the affidavit but impose no further sanction. Plaintiff testified at the hearing, so exclusion of

the affidavit did not affect the evidentiary underpinning for the court's subsequent punitive damage award. On appeal, defendants insist the court should have halted the punitive damage proceedings altogether and ordered plaintiff and his counsel to pay costs associated with the aborted proceedings.

The district court is afforded "wide discretion in selecting an appropriate sanction." *Eisenberg v. Univ. of N.M.*, 936 F.2d 1131, 1136 (10th Cir. 1991). Considering the substantive inconsequentiality of the offending conduct, and keeping in mind the general principle that "[t]he appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff," *id.* (quotation omitted), we do not think the district court acted beyond the proper bounds of its discretion in limiting its sanction to striking the improperly notarized affidavit.

Defendants appear to combine two distinct objections to the verdict against them on plaintiff's "10b-5 claim" under Section 10b of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5. They initially frame the issue in terms of the district court's failure to instruct the jury on the requisite scienter, but virtually all of their argument is directed toward what they consider plaintiff's insufficient proof on that element. The indirect nature of defendants' presentation here may reflect their intimation, apt as explained below, that they failed to preserve the evidentiary challenge at trial.

Parties may not raise a particular issue of evidentiary insufficiency on appeal unless they moved for judgment as a matter of law on the issue at the close of evidence, thereby affording the trial court a chance to consider the matter before giving the case to the jury. *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 949 (10 th Cir. 2004). And though "technical precision" in identifying the grounds for such a motion is not required, the focus of the evidentiary challenge must at least "be stated with sufficient certainty to apprise the court and opposing counsel of the movant's position." *Id.* at 949-50 (quotation omitted). "Merely moving for directed verdict is not sufficient to preserve any and all issues that could have been, but were not raised in the directed verdict motion." *Id.* at 950 (quotation omitted). Here, when given the chance to explain their generic and obscure "motion to dismiss this case in its entirety" because "plaintiff failed to present a prima facie case," R. doc. 361 at 548, defendants conceded that they had "nothing further to add by way of argument in support," *id.* at 551, and the court turned to other matters . Under the circumstances, defendants may not now target the scienter element of plaintiff's 10b-5 claim for an evidentiary challenge.

We also reject defendants' related contention that the jury was not told that a failure of proof on scienter would be fatal to plaintiff's 10b-5 claim. The instruction stating the elements of the 10b-5 claim informed the jury that it had to find "that the defendant acted knowingly," R. doc. 332 at 13, and a separate

instruction specifically elaborated on this requirement that "the defendant acted 'knowingly' or with 'scienter,'" explaining, inter alia, that "[i]t is not enough for the plaintiff to show the defendant acted accidently, mistakenly, or negligently," *id.* at 17.

In sum, defendants have failed to demonstrate any reversible error in connection with the judgment entered against them. We therefore affirm in Appeal No. 02-3364.

## Plaintiff's Cross-Appeal (No. 03-3048)

### Attorney Fees

Following his success at trial, plaintiff moved for "reasonable attorney fees" under Kan. Stat. Ann. § 17-1268(a). While this statutory fee authorization rests on "only three of [plaintiff's] claims, the three Kansas Security Act claims," the district court recognized that, under relevant state case law, "plaintiff is entitled to recover a reasonable fee for all of his claims." *Sheldon v. Vermonty*, 237 F. Supp. 2d 1270, 1273-74 (D. Kan. 2002). In contrast to these substantive points, which are properly controlled by state law, our standard of review is a matter of federal law. *See Mid-America Pipeline Co. v. Lario Enters., Inc.*, 942 F.2d 1519, 1524 (10th Cir. 1991). Accordingly, we review the reasonableness of the district court's fee award only "for abuse of discretion, giving great weight to the district court's assessment." *Sussman v.*

*Patterson* , 108 F.3d 1206, 1209 (10 th Cir. 1997) (quotation omitted). The district court determined the fee amount using the traditional lodestar formula of a reasonable number of hours times a reasonable hourly fee. On appeal, plaintiff objects only to the number of hours used in the district court's calculation.

Plaintiff initially sought fees for approximately 2100 hours. The district court reduced the figure to 1200 hours, citing the inadequacy of billing records (particularly for work done after plaintiff and counsel switched to a contingency fee arrangement and counsel's hourly rate doubled), lack of billing judgment, and the expenditure of excessive time on tasks that warranted much less time or were not even necessary. *See Sheldon* , 237 F. Supp. 2d at 1275-78 (also noting this court's prior assessment of "the poor quality of [counsel's] advocacy," *Sheldon v. Vermonty* , 2000 WL 1774038, at *6 (10 th Cir. Dec. 4, 2000)). Plaintiff moved for reconsideration, conceding that his initial request had overstated the number of compensable hours and substituting a request for 1725 hours supported by more detailed billing records. The district court refused to alter its determination, noting that the supporting materials were still deficient in some respects and holding that, in any event, even if the updated materials complied with applicable standards, the prior hourly reduction remained appropriate "for lack of billing judgment and because the billing for certain tasks was not reasonable." *Id.* at

1284. The court also commented that the large hourly discrepancy between the initial and updated requests had undermined counsel's credibility. *Id.*

Plaintiff offers a rambling critique of the district court's determination, and some of the points strung together in his brief warrant little comment. He objects to the court's observation–on the materials submitted with the first request–that "it is clear [counsel] was not keeping detailed, contemporaneous records," *id.* at 1278, by suggesting that counsel had only to "keep" such records and that it was the court's duty to inquire into, solicit, and facilitate submission of such records to shore up the deficient request. *See* Appellee's Response and Cross-Appellant's Opening Brief (Aplee. Br.) at 29, 32, 37. This view of the respective duties of court and counsel is mistaken; counsel bears the burden of proving reasonable hours to the court "by submitting meticulous, contemporaneous time records." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998); *see Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1234 (10th Cir. 2000) (noting counsel must "keep and produce" time records to support fee request). We are likewise unmoved by the hyperbole in plaintiff's complaint that all of the effort put into substantiating the fee request was perfunctorily undercut by the district court "in one conclusory sentence," Aplee. Br. at 38; on the contrary, the court's thorough consideration is plainly evident from its lengthy published analysis of the matter. *See Sheldon*, 237 F. Supp. 2d at 1273-80, 1283-84.

We also think it rather disingenuous of plaintiff to justify the inadequacy of counsel's first billing statement by referring to its hasty completion in the busy period just before trial. There was nothing to prevent counsel from revising the materials during the month between trial and the bench proceedings on the fee request. But we need not pause long over plaintiff's attempts to explain or excuse the manner in which the documentary burden associated with the fee request was handled, because, as noted above, the district court ultimately held that its initial reduction of the hourly total was appropriate in any event for the lack of billing judgment and excessive time expenditures evident in the request.

The primary thrust of plaintiff's criticism of the district court's hourly determination is that it did not include much detail about specific instances prompting the reduction made. But "'[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.'" *Case*, 157 F.3d at 1250 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986)). In fact, in a case such as this, with "thousands of pages of written work product" and "well over a hundred pages in billing statements," an overly particularized approach "is neither practical nor desirable." *Id.* (quotation omitted); *see, e.g., Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1082-83 (10 th Cir. 1998).

What *is* "important is the discretionary determination by the district court of how many hours, in its experience, should have been expended on the specific case." *Case*, 157 F.3d at 1250. The discussion in the district court's initial and supplemental orders is sufficient to satisfy us that it properly considered the submitted materials in light of its hands-on knowledge of the demands of the case and the efficiency and efficacy of counsel's efforts to satisfy those demands. We cannot say its determination was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Mallinson-Montague*, 224 F.3d at 1235 (articulating standard of review for discretionary hourly fee determination) (quotation omitted).

Plaintiff suggests the fee reduction here is comparable to the determination reversed by this court in *Case*. But we read *Case* as different not only in degree but in kind. There, this court reversed an 80% hourly reduction that cut counsel's time to less than one-half that worked–and conceded as reasonable–by opposing counsel. We noted such unprecedented circumstances made for a "rare case" requiring the district court to provide "a fuller explanation for its actions." *Case*, 157 F.3d at 1253. Here, in contrast, there is no concession from defendants regarding the reasonableness of plaintiff's hourly request, and the reduction made by the court is of a facially plausible, indeed fairly common, magnitude, *see, e.g.*, *Mallinson-Montague*, 224 F.3d at 1235; *Gudenkauf*, 158 F.3d at 1082; *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10 th Cir. 1995).

Finally, plaintiff summarily complains that the district court failed to make an adjustment for inflation. Plaintiff did not raise this point in either his initial fee request or his motion for reconsideration. We will not disturb the district court's otherwise proper exercise of discretion on the basis of a contention it was not given an adequate chance to consider. *See, e.g.*, *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10 th Cir. 1998).

**Punitive Damages**

Plaintiff objects to the district court's punitive damage award of $150,000, insisting the amount "should have been at a minimum very close to $500,000." Aplee. Br. at 54. We note that this suggested minimum would potentially exceed a constitutionally permissible ratio of consequential to punitive damages. *See Cont'l Trend Res., Inc. v. OXY USA Inc.*, 101 F.3d 634, 639-40 (10 th Cir. 1996). In any event, we affirm the district court's award under conventional common law review principles.

The district court's factual determinations regarding the amount of punitive damages may not be disturbed on appeal unless they are clearly erroneous. *Nieto v. Kapoor*, 268 F.3d 1208, 1221 (10 th Cir. 2001). To properly implement this standard of review, we must have all of the relevant evidence relied upon by the party challenging the operative findings. Plaintiff's argument for a larger award of punitive damages focuses on the district court's finding that he had not shown

-12-

that defendants profited from their misconduct. Plaintiff cites a number of trial exhibits that he insists establish such profit. But the trial exhibits are not in the appellate record. In light of this omission plaintiff cannot satisfy his burden of demonstrating that the district court's findings were erroneous. *Scott v. Hern*, 216 F.3d 897, 912 (10 th Cir. 2000) (following *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979-80 (10 th Cir. 1992)); *see also United States v. Hanif*, 1 F.3d 998, 1002 & n.2 (10 th Cir. 1993). Even if some of the contents of these exhibits were included in some form with other materials in the eighteen-volume record, it would not be incumbent upon this court to search for and muster evidence that might support plaintiff's appeal. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 n.6 (10 th Cir. 2000); *see also Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1019 (10 th Cir. 2002).

The district court supported its determination of punitive damages with an extensive and thoughtful analysis of the many relevant factors. *See Sheldon*, 237 F. Supp. 2d at 1280-83, 1286-87. Plaintiff has not demonstrated any error in this analysis. We therefore affirm.

**Costs**

The district court awarded plaintiff $12,143 in costs. On appeal, plaintiff objects to the district court's exclusion of expenses falling outside the express scope of 28 U.S.C. § 1920, arguing that some of the excluded costs were actually

covered by the statute and that, in any event, the district court retained and should have exercised discretion to award even those costs that are not listed. The latter argument is contrary to controlling precedent. *See Bee v. Greaves*, 910 F.2d 686, 690 (10 th Cir. 1990) (following *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), to hold district court "has no discretion to award items as costs that are not set out in section 1920"); *cf. Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10 th Cir. 1996) (noting district court has discretion to disregard limits set by statute *if* awarding costs *as a sanction*).

Most of the items cited by plaintiff are simply not included in the statutory allowance. The district court did, however, mishandle one matter that is covered. Plaintiff sought expenses associated with a witness, Mike Psak, to which he was entitled under § 1920(3) ("[f]ees and disbursements for . . . witnesses"). This entitlement is fleshed out in 28 U.S.C. § 1821: "In addition to an attendance fee of [$40.00] per day, section 1821 also permits a witness to recover for travel expenses to and from trial and provides a subsistence allowance if the witness must stay overnight to attend trial." *Reazin v. Blue Cross & Blue Shield of Kan, Inc.*, 899 F.2d 951, 980 n.45 (10 th Cir. 1990); *see* §§ 1821(b), (c) & (d). Plaintiff requested travel and subsistence expenses for Psak, but the district court denied the request on the basis that anything beyond the $40.00 attendance fee was not taxable. *Sheldon*, 237 F. Supp. 2d at 1285-86.

-14-

The error is easily corrected. Plaintiff included a receipt for Psak's airfare ($159), and we take judicial notice of the fact that the applicable government subsistence per diem referenced in § 1821(d) was $123 at the time of trial. Thus, we will modify the judgment to add $282 to the allowed costs, raising the total to $12,282. In doing so, we note that the full $700 plaintiff sought in connection with Psak was inflated by a clearly unauthorized request for reimbursement of missed work time and a generic request for car expenses that were not specified, quantified, or substantiated by receipts.

The judgment of the district court, as modified to include an additional $282 to the total costs allowed, is AFFIRMED. Pending motions for stay and formal consolidation of these appeals are DENIED as moot.

Entered for the Court

David M. Ebel
Circuit Judge