MEMORANDUM **
After a bench trial, the district court entered judgment for the City of Los An-geles (the “City”) on all claims in Edward Maciel’s (“Maciel”) action alleging violations under the Fair Labor Standards Act (“FLSA”). The district court determined that Maciel did not establish that he worked above the required number of hours to prove any violation of the FLSA. Notwithstanding the judgment entered in its favor, the City asks us to review the district court’s determinations that Ma-ciel’s donning and doffing of his Kevlar vest and his Sam Browne belt is compen-sable work under the FLSA, and that the time spent completing these tasks is not de minimis. We conclude that we have no jurisdiction to give an advisory opinion on those determinations and that thus we cannot review the issues that are raised by the prevailing party. The district court’s conclusions on those challenged issues were not necessary to its judgment and will not create a collateral estoppel against *680 the City in future cases. We dismiss the City’s appeal.
As a general rule: “A prevailing party usually may not appeal a decision in its favor.” Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 520 (9th Cir.1999). However, there is an exception where a prevailing party has standing to appeal a collateral adverse ruling “[i]f the adverse ruling can serve as the basis for collateral estop-pel in subsequent litigation.” Id.; United States v. Good Samaritan Church, 29 F.3d 487, 489 (9th Cir.1994). Invoking this exception, the City contends that the district court’s rulings regarding donning and doffing of police protective gear could have a collateral estoppel effect in future litigation, giving it standing to appeal this otherwise favorable judgment. We disagree. Because we conclude that the district court’s rulings were not “critical and necessary part[s] of the judgment,” the rulings will have no preclusive effect on subsequent cases against the City. See Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir.2003); Good Samaritan Church, 29 F.3d at 489 (dismissing appeal because the district court’s determination was immaterial to the judgment below and has no preclusive effect on subsequent litigation).
The appeal is DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.