**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD NEAL JOSEPH, Jr.; JANIE PITRE JOSEPH,<br><br>             Plaintiffs - Appellants,<br><br>  and<br><br>HANNAH ELIZABETH JOSEPH,<br><br>             Plaintiff,<br><br>  v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; SARA BRADSHAW,<br><br>             Defendants - Appellees. | No. 11-17183<br><br>D.C. No. 2:09-cv-00966-HDM-LRL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted April 15, 2013[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and N.R. SMITH, Circuit Judges.

Ronald Joseph Sr. and Janie Joseph sued the Las Vegas Metropolitan Police Department and Officer Sara Bradshaw under 42 U.S.C. § 1983 for the fatal officer-involved shooting of their son, Ronald Joseph Jr. ("Ron"). They allege that Bradshaw's use of deadly force was excessive under the Fourth Amendment and shocked the conscience under the Fourteenth. They further contend that the Department's policies contributed to the alleged constitutional violations. Bradshaw and the Department moved for summary judgment on all claims and prevailed. The Josephs timely appealed. We affirm.

The Josephs argue that genuine disputes of material fact remain on their excessive force claim. We disagree. Whether or not genuine disputes remain, none is material. The relevant facts are undisputed: as Bradshaw approached Ron, she thought that he was committing an armed robbery. She commanded him to drop his gun and get on the ground. He did not. Instead, he charged Bradshaw. Whether, as he charged, he also pointed his gun at Bradshaw is ultimately irrelevant. Either way, he posed an immediate threat to her safety. *Cf. Blanford v. Sacramento Cnty.*, 406 F.3d 1110, 1116 (concluding that officers were justified in killing a suspect armed with a two-and-a-half foot sword who, when ordered to set

2

the sword down, instead raised it and growled). Bradshaw was entitled to summary judgment on this claim.

The Josephs also claim that Bradshaw violated the Fourteenth Amendment. Although they allude to this claim in their jurisdictional statement and, later in the brief, refer in passing to their constitutional interest in maintaining their relationship with their son, they nowhere attempt to make a prima facie case of a Fourteenth Amendment violation. Thus, the issue is waived. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998). In any event, the claim is meritless. The Josephs do not dispute that Bradshaw shot Ron in self defense, which is a legitimate law-enforcement objective. *Wilkinson v. Torres*, 610 F.3d 546, 554–55 (9th Cir. 2010). Bradshaw was entitled to summary judgment on this claim.

The Josephs argue that the Department is liable for policies contributing to the alleged violation. But, since there was no constitutional violation, the Department is not liable and, thus, was entitled to summary judgment. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

The Josephs also challenge the district court's denial (without prejudice) of Bradshaw and the Department's motion for an award of attorney fees and costs. The Josephs are not aggrieved by that order. *See United States v. Good Samaritan Church*, 29 F.3d 487, 488 (9th Cir. 1994).

**AFFIRMED**.