**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN, | No. 12-57063 |
| Petitioner - Appellee, | D.C. No. 2:10-cv-05860-SVW-CW |
| v. | |
| LINDA THOMAS, | MEMORANDUM[*] |
| Respondent - Appellant. | |

| | |
|---|---|
| STEPHEN YAGMAN, | No. 12-57172 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-05860-SVW-CW |
| v. | |
| LINDA THOMAS, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 4, 2015
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD and NGUYEN, Circuit Judges, and CARR, Senior District Judge.[**]

Linda Thomas appeals a district court order granting Stephen Yagman's § 2241 habeas corpus petition. The district court found that the Bureau of Prisons violated Yagman's due process rights in a prison disciplinary hearing. Thomas argues that the case was moot when decided because the disciplinary hearing had been vacated and the record expunged before the district court entered its final order.

The case became moot when the Bureau of Prisons vacated the disciplinary proceedings, because there was no further relief that could have been given to Yagman. Though Yagman was still on supervised release at the time the district court issued its order, the expunged discipline record could not have affected his custody, had supervised release been revoked, nor could the expunged discipline record have had other adverse consequences.

---

[**] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

2

Significantly, the Bureau of Prisons vacated the disciplinary proceedings before the district court issued its order. Although the Bureau of Prisons vacated the disciplinary proceedings in response to the magistrate judge's report and recommendation, the magistrate judge's report and recommendation was not a final disposition on the matter. See Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 760 (7th Cir. 2009). The case could not become moot by virtue of the magistrate judge's report and recommendation because that is all it was. The magistrate judge did not have the power to grant relief to Yagman; she merely had authority to make a report and recommendation to the district court, which the district court judge was to review de novo if objection were made. 28 U.S.C. § 636(b)(1)(B)&(C). By the time the district court judge reviewed the report and recommendation, the case was moot.

Because Yagman's sentence was not affected and because Yagman faced no possible collateral consequences, the district court had no jurisdiction to issue its order. See Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). The district court erred in not dismissing Yagman's habeas petition as moot. As a result, the order of the district court must be vacated.

As for Yagman's cross-appeal, this court lacks jurisdiction over it. Yagman was not aggrieved by the district court's order granting him habeas corpus relief. Consequently, the cross-appeal is dismissed for lack of jurisdiction. See United States v. Good Samaritan Church, 29 F.3d 487, 488 (9th Cir. 2001).

**VACATED in part and DISMISSED in part.**

Each party shall bear its on costs.