**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN YAGMAN,

              Plaintiff - Appellant,

   v.

CORNELL COMPANIES, INC.; et al.,

              Defendants - Appellees.

No. 15-56581

D.C. No. 2:14-cv-07555-SVW-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 8, 2017[**]
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

Stephen Yagman appeals from the district court's judgment dismissing his

action asserting claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388

(1971), the Racketeer Influenced and Corrupt Organizations Act (RICO), 18

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1962, and state law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's dismissal of Yagman's action under Rule 12(b)(6) de novo. *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir. 2003). The first eight counts in Yagman's amended complaint arise under *Bivens* and concern alleged violations of his civil and constitutional rights resulting from a failed drug test while living at a halfway house and his subsequent incarceration. Each of these events occurred before Yagman's release from custody on November 8, 2010.

*Bivens* actions, like those arising under 42 U.S.C. § 1983, are governed by the relevant state's statute of limitations applicable to personal injury claims. *Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir. 1991). In California, such claims are subject to a two-year statute of limitations. Cal. Civ. Proc. § 335.1; *see also Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). The limitations period can be tolled for up to two years if the cause of action accrues while the plaintiff is incarcerated. Cal. Civ. Proc. § 352.1(a). Accordingly, the two-year statute began to run on Yagman's claims when he was released on November 8, 2010, meaning that he had until November 8, 2012, to file his action. Yagman, however, did not file this action until September 29, 2014. His *Bivens* claims are therefore time-barred, and the district court did not err in so concluding.

Yagman relies on *Heck v. Humphrey*, 512 U.S. 477 (1994), to argue that his *Bivens* claims did not accrue until the district court issued a writ of habeas corpus on October 1, 2012. Under *Heck*, a claim for damages resulting from an unconstitutional conviction or sentence "does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90. Yagman contends that the "sentence" at issue—the Bureau of Prisons' (Bureau) revocation of good time credits and imposition of "close confinement"—was not invalidated until the district court granted his habeas petition.

He is mistaken. As we have previously concluded, the writ of habeas corpus upon which Yagman relies was issued in error. The district court lacked jurisdiction to issue the writ because Yagman's petition became moot when the Bureau vacated the disciplinary proceedings that led to the incarceration he was challenging. *Yagman v. Thomas*, 612 F. App'x 408, 409 (9th Cir. 2015) (unpublished). As a result, the only possible invalidation of his sentence for *Heck* purposes occurred in 2010 when the Bureau vacated the proceedings that preceded it. The statute of limitations therefore ran in 2012, almost two years before Yagman filed this action.

The same considerations also doom his state law malicious prosecution causes of action. Such are subject to the same two-year statute of limitations,

3

*Stavropoulos v. Superior Court*, 141 Cal. App. 4th 190, 196–97 (Cal. Ct. App. 2006), and similarly "accrue[] at the conclusion of the litigation in favor of the party allegedly prosecuted maliciously," *Babb v. Superior Court*, 479 P.2d 379, 381 (Cal. 1971). As just discussed, the erroneously-issued writ did not terminate the relevant proceedings in Yagman's favor, thus leaving the Bureau's own invalidation as the only possible accrual point. The state malicious prosecution causes of action are time-barred.

Yagman also challenges the district court's dismissal of his RICO claims for failure to state a claim. Although he argues for a liberal construction of his complaint, none of the authorities he cites exempt RICO claims from the usual pleading requirements. Indeed, we have previously applied those requirements when reviewing a Rule 12(b)(6) dismissal of civil RICO claims. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997–1000 (9th Cir. 2014). The allegations in the amended complaint are entirely conclusory and lack the factual content necessary to state claims under RICO. Accordingly, the district court did not err in dismissing those claims. Furthermore, it was not an abuse of discretion to deny Yagman leave to amend because he had already amended the complaint once and further amendment would have been futile. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to

4

deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989))).

Yagman next contests the district court's denial of his motions for summary adjudication. We have discretion to review such denials where they are "accompanied by a final order disposing of all issues before the district court and where the record has been sufficiently developed to support meaningful review of the denied motion[s]." *Jones-Hamilton Co. v. Beazer Materials & Servs., Inc.*, 973 F.2d 688, 694 n.2 (9th Cir. 1992), *citing Abend v. MCA, Inc.*, 863 F.2d 1465, 1468–72, 1482 n.20 (9th Cir. 1988). Our review is de novo. *Te-Moak Tribe of W. Shoshone of Nev. v. U.S. Dep't of Interior*, 608 F.3d 592, 598 (9th Cir. 2010).

We are skeptical that the record has been adequately developed to permit "meaningful review" of these denials, considering that no discovery took place. In any event, our conclusion that the district court properly dismissed Yagman's action disposes of his argument that the court should not have denied his motions for summary adjudication.

Finally, Yagman asserts that the magistrate judge improperly denied his motions for sanctions and the district judge improperly denied his motions for reconsideration under Rule 72(a). We review the rulings on the motions for

5

sanctions for abuse of discretion. *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014). The district court's denials of reconsideration are reviewed "under a 'clearly erroneous or contrary to law' standard." *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004), *quoting* Fed. R. Civ. P. 72(a).

Yagman argues that the magistrate judge's mass denial of his sanctions motions shows that she did not "giv[e] due consideration to their merits." But he has provided no authority supporting that proposition, and it is not an abuse of discretion *per se* to "summarily deny[] a request for sanctions without making specific findings of facts." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009). Yagman makes no additional arguments for reversal, so we hold that the magistrate judge did not abuse her discretion. We further affirm the denial of Yagman's motions for reconsideration because he has raised no independent argument as to why they were erroneous, let alone "clearly erroneous or contrary to law." *Rivera*, 364 F.3d at 1063.

**AFFIRMED.**

6