NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORLANDO GARCIA, | No.    22-15594 |
| Plaintiff-Appellee, | D.C. No. 3:21-cv-04575-CRB |
| v. | |
| PETER J. BECK, in individual and representative capacity as Trustee of The Beck Family Trust; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 9, 2023**
San Francisco, California

Before:  McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

Defendant-Appellants Peter Beck, Lola Beck, and Lola's Chicken Shack
(collectively, "Lola's Chicken Shack") appeal the district court's dismissal of
Plaintiff-Appellee Orlando Garcia's Americans with Disabilities Act ("ADA")

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim, the denial of their motion to designate Garcia as a "vexatious litigant," and the denial of sanctions against Garcia. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss this appeal in part and affirm in part.

1.     Lola's Chicken Shack first challenges the district court's dismissal of Garcia's ADA claim against it. Lola's Chicken Shack argues that the district court should have ruled that Garcia lacked standing to bring an ADA claim as a "serial tester." Instead, the district court dismissed Garcia's ADA claim against Lola's Chicken Shack as moot because it found all alleged ADA violations had been remediated and Garcia was not entitled to any further injunctive relief under the ADA. In other words, the district court's order made Lola's Chicken Shack the prevailing party on the ADA claim.

In general, "a party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *United States v. Good Samaritan Church*, 29 F.3d 487, 488 (1994) (simplified). Although there is an exception to the "prevailing party" rule when an "adverse ruling can serve as the basis for collateral estoppel in subsequent litigation," *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir. 1999), Lola's Chicken Shack does not claim the exception applies. "To the extent that the district court was not favorable to appellants, it does not bind them in subsequent litigation." *Good Samaritan Church*, 29 F.3d at 489. We thus dismiss

2

Lola's Chicken Shack's claim under the ADA.

2.     Lola's Chicken Shack next argues that the district court abused its discretion by refusing to designate Garcia a "vexatious litigant." Lola's Chicken Shack sought an order requiring Garcia to receive the court's permission to file future ADA claims against Alameda, California businesses. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court. . . ." (simplified)). The district court denied the motion.

Lola's Chicken Shack lacks Article III standing to appeal this decision. To having standing to appeal, appellants must have a "direct stake" in the outcome of their appeal. *Hollingsworth v. Perry*, 570 U.S. 693, 705–06 (2013). Since an order requiring Garcia to seek court permission for *future* ADA claims would not impact the instant suit, Lola's Chicken Shack has no "direct stake" in the outcome of the appeal. Any injury caused by Garcia's instant lawsuit and suffered by Lola's Chicken Shack has already occurred, and is not redressable by a reversal of the vexatious litigant order. Instead, the vexatious litigant order would only benefit third parties from Garcia's lawsuits.

3

Furthermore, even if Lola's Chicken Shack had argued that the pre-filing order could protect it from future suits by Garcia, such an allegation is so speculative that it would not confer Article III standing here. *See Munns v. Kerry*, 782 F.3d 402, 410 (9th Cir. 2015) (rejecting standing when a fear of a future injury was "too speculative to confer standing"). Garcia has never sued Beck before, and the record does not reflect that Garcia makes a practice of repeatedly suing the same businesses once ADA violations are remediated. Thus, it would be entirely speculative to assume that Garcia may sue appellants in the future.

3. Lola's Chicken Shack lastly contends that the district court abused its discretion by denying its motion for sanctions against Garcia. It argues that Garcia should be sanctioned as a vexatious litigant and that it should receive the fees incurred from litigating the vexatious litigant motion.

The district court did not abuse its discretion by denying Lola's Chicken Shack's motion for sanctions. A court's imposition of sanctions under inherent power is reviewed for abuse of discretion. *Am. Unites for Kids v. Rosseau*, 985 F.3d 1075, 1087 (9th Cir. 2021). "[T]he simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). And here, given that Lola's Chicken Shack remediated the ADA violations alleged in Garcia's lawsuit, the district court did not abuse its discretion in finding

4

the lack of "meritless, harassing, or improper" conduct to warrant the award of sanctions against Garcia. We thus affirm the denial of sanctions.

**DISMISSED** in part and **AFFIRMED** in part.[1]

---

[1] Lola's Chicken Shack asked this court to take judicial notice of court documents purporting to show that Garcia is a vexatious litigant and of the legislative history of the ADA. Given that we do not reach the merits of these issues, we **deny** the motion.