**FIREMAN'S FUND INSURANCE COM-PANY, a California corporation, Plaintiff-Appellee,**

v.

**INTERNATIONAL MARKET PLACE, a limited partnership, Plaintiff in Intervention,**

v.

**Frank M. REED, Jr., Defendant-Appellant.**

**No. 84-4417.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1985.

Decided Oct. 11, 1985.

Cabot Chrisianson, Robert J. Bucklew, Foulds, Felker, Johnson & McHugh, Anchorage, Alaska, for plaintiff-appellee.

Daniel Westerburg, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, Alaska, for defendant-appellant.

Before CHOY, SNEED, and BRUNETTI, Circuit Judges.

CHOY, Senior Circuit Judge:

Reed was convicted in federal court of destroying a building with the use of an explosive, in violation of 18 U.S.C. § 844(i). His conviction was reversed because the government had failed to show that Reed used an explosive, as required under the statute. Fireman's Fund, the insurer of the building, brought this civil action against Reed for restitution. The district court granted summary judgment for Fireman's Fund. The court held that Reed was collaterally estopped from challenging his liability because the reversal of the conviction did not affect the validity of the jury's determination that Reed had destroyed the building. Reed appeals the district court's application of collateral estoppel. We REVERSE and REMAND.

■ Federal law governs the collateral estoppel effect of a federal case decided by a federal court. *Blonder-Tongue Laboratories v. University of Illinois Found.*, 402 U.S. 313, 324 n. 12, 91 S.Ct. 1434, 1440 n. 12, 28 L.Ed.2d 788 (1971).

■ A determination adverse to the winning party does not have preclusive effect. *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1076 (2d Cir.1977); *cf. Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980) (the determination sought to be used was reversed and did not have preclusive effect); 1B J. Moore, *Moore's Federal Practice* ¶ 0.416[2], at 518 (2d ed. 1984) (if the appellate court affirms on one ground used by the trial court without passing on a second ground used by the trial court, the second ground does not have preclusive effect); *id.* ¶ 0.443[5.—1], at 781–83 (the judgment of a court is conclusive of only those issues whose determination supports the judgment); *but cf. id.* ¶ 0.416[2], at 517–18 (if the appellate court reverses and remands, expressly leaving certain findings of the trial court intact, those findings may later be used if they are necessary to the trial court's judgment on remand).

The rule promotes fairness and efficiency. A litigant should not be compelled to challenge every basis of an erroneous judg-

ment when one meritorious challenge will suffice for reversal. Moreover, an appellate court typically will address only those arguments that are necessary to reach its result.

■ In Reed's criminal case, the appellate court reversed Reed's conviction because Reed had not used an explosive. Reed is not collaterally estopped from challenging the trial court's finding that Reed had destroyed the building because the appellate court did not pass on that issue, *see id.* ¶ 0.416[2], at 518, and because that finding did not support the appellate judgment in favor of Reed, *see id.* ¶ 0.443[5.—1], at 783.

REVERSED and REMANDED.