UNITED STATES of America, Plaintiff–Appellee,

v.

Clarke Dexter WEEMS, Defendant–Appellant.

No. 93–30151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 1, 1994.

Submission Vacated Feb. 8, 1994.

Resubmitted March 15, 1994.

Decided March 1, 1995.

C. James Frush, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, WA, for defendant-appellant.

Deborah Watson and Cynthia A. Young, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: GOODWIN, SCHROEDER and NORRIS, Circuit Judges.

Opinion by Judge SCHROEDER; Partial Concurrence by Judge William A. NORRIS.

SCHROEDER, Circuit Judge:

This is an appeal from a conviction and sentence for structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3). The government concedes that appellant's conviction must be reversed in light of the Supreme Court's recent decision in *Ratzlaf v. United States*, —— U.S. ——, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), which held that in a prosecution for structuring financial transactions to avoid a bank's reporting requirements, the government must prove that the defendant knew that structuring is illegal. The only substantial issues that we need discuss are whether the Double Jeopardy Clause bars the government from retrying the defendant, and whether the government is collaterally estopped on retrial from trying

to prove that the defendant knew that one of the properties he purchased with structured funds was being used to grow marijuana. We reverse and remand for retrial, with instructions to exclude the marijuana evidence relating to one of the properties.

## I. BACKGROUND

In late 1987 and 1988, Clarke Weems purchased, with structured funds, properties known as the Enumclaw and Puyallup properties. In April of 1989, the Pierce County Sheriff's Office executed a search warrant at the Puyallup property and discovered that the property was being used to grow marijuana. The government brought a civil action seeking forfeiture of this property under both 21 U.S.C. § 881(a)(7), authorizing forfeiture of property connected with controlled substances, and 18 U.S.C. § 981, authorizing forfeiture of property purchased through structured transactions.

In an opinion issued in October of 1990, District Judge Dimmick held that Weems had proven by a preponderance of the evidence that he was an innocent owner with no knowledge of the marijuana grown at the Puyallup property, and that therefore the property was not subject to forfeiture under 21 U.S.C. § 881(a)(7). Judge Dimmick also concluded, however, that the property had been purchased with illegally structured funds, and was subject to forfeiture under 18 U.S.C. § 981.

On January 23, 1992, defendant was indicted on three counts of structuring currency transactions to evade the government's reporting requirements under 31 U.S.C. § 5324(a)(3). District Judge Tanner, over defendant's objection, permitted the prosecution to introduce evidence of the marijuana grown at the Puyallup property at trial as evidence of defendant's motive in structuring the transactions. Defendant subsequently was convicted and here appeals his conviction and sentence. Because the government did not argue, and Weems' jury was not instructed, regarding an essential element of his offense, *see Ratzlaf*, — U.S. at ——, 114 S.Ct. at 663, Weems' conviction must be reversed. We now turn to the remaining issues in this case.

## II. DOUBLE JEOPARDY

Prior to the Supreme Court's decision in *Ratzlaf*, this circuit did not require proof of a defendant's knowledge that structuring itself is illegal. *United States v. Hoyland*, 914 F.2d 1125, 1128–30 (9th Cir.1990). In each of the post-*Ratzlaf* cases in which structuring convictions have been vacated, we have simply remanded for new trial without any extended discussion of whether retrial might violate double jeopardy. *E.g., United States v. Pitner*, 23 F.3d 1497 (9th Cir.1994); *United States v. Carlisle*, 18 F.3d 752 (9th Cir. 1994); *United States v. Ratzlaf*, 16 F.3d 1078 (9th Cir.1994). Following oral argument in this case, we requested supplemental briefing on the question of whether retrial is barred by the Double Jeopardy Clause in light of the government's failure to prove that Weems knew that structuring is illegal, as is now required under *Ratzlaf*.

 Generally, the Double Jeopardy Clause does not prohibit retrial following reversal for an error at trial. *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Reversal for insufficiency of the evidence, however, like a judgment of acquittal at the close of the government's case, precludes retrial. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The *Burks* rule requires a reviewing court to consider claims of insufficient evidence, even if it finds some other basis for reversal, because a meritorious insufficiency claim absolutely bars retrial, and consideration of the claim by the reviewing court is necessary to prevent a second jeopardy. *United States v. Bibbero*, 749 F.2d 581, 586 (9th Cir.1984), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2330, 85 L.Ed.2d 847 (1985). Weems contends that under this rule, we may not remand for a new trial without first considering whether the evidence produced at trial was sufficient for conviction. He argues, further, that the appropriate inquiry for this court is whether the evidence was sufficient under the rule announced in *Ratzlaf*; that is, whether the government produced sufficient evidence to show that he knew that structuring was illegal. Because

the government introduced no evidence of Weems' knowledge, he contends he may not be retried. The law does not support his position.

In *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), the Supreme Court considered whether a retrial is barred following reversal of a conviction on the ground that the conviction was against the weight of the evidence. The Court began by noting that a reversal based on the weight of the evidence means only that the reviewing court disagrees with the jury's resolution of conflicting evidence, not, as is the case with reversal for insufficient evidence, that the government has failed to prove its case. *Id.* at 42, 102 S.Ct. at 2218. Holding that the "core" of the Double Jeopardy Clause's prohibition on multiple prosecutions is denying the prosecution a second opportunity "to supply evidence which it failed to muster in the first proceeding," *id.* at 41, 102 S.Ct. at 2217 (quoting *Burks,* 437 U.S. at 11, 98 S.Ct. at 2147), the Court held that retrial was constitutionally permissible.

Remanding for retrial in this case does not give the government the opportunity to supply evidence it "failed" to muster at the first trial within the meaning of *Tibbs.* The government had no reason to introduce such evidence because, at the time of trial, under the law of our circuit, the government was not required to prove that a defendant knew that structuring was illegal. *E.g., Hoyland,* 914 F.2d at 1128–30. The district court at trial could have required such proof only by disregarding clear rulings by this court. The government therefore is not being given a second opportunity to prove what it should have proved earlier, and double jeopardy protections do not bar retrial. *See Linam v. Griffin,* 685 F.2d 369, 373–74 (10th Cir.1982) (rehearing on habitual offender status not barred merely because government's original proof did not conform to the requirements of a change in law occurring after trial), *cert.*

denied, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983).

This case is analogous to the situation presented when a reviewing court finds that evidence supporting a conviction has been erroneously admitted at trial, and the remaining evidence is insufficient to support a conviction. The Supreme Court has held that remand is appropriate in these situations. *Lockhart v. Nelson,* 488 U.S. 33, 42, 109 S.Ct. 285, 291, 102 L.Ed.2d 265 (1988); *see United States v. Chu Kong Yin,* 935 F.2d 990, 1001 (9th Cir.1991). In such cases, it is presumed that the government would have attempted to offer other evidence had the challenged evidence been properly excluded in the trial court. *Lockhart,* 488 U.S. at 42, 109 S.Ct. at 291. Retrial, under these circumstances, "is not the sort of governmental oppression at which the double jeopardy clause is aimed...." Retrial in this case is not oppressive either; it merely permits the government to prove its case in accordance with the recent change in law. Accordingly, the proper disposition of this case is remand for new trial.[1] *See United States v. Rogers,* 18 F.3d 265, 268 (4th Cir.1994).

### III. ADMISSION OF MARIJUANA EVIDENCE

■ Because we conclude that the government may retry Weems, we also address Weems' contention that the district court erred in admitting evidence of the marijuana grow at the Puyallup property in order to prove appellant's motive in structuring the transactions at issue.

■ Collateral estoppel can limit the evidence the government may introduce in a criminal prosecution. *See e.g., U.S. v. Keller,* 624 F.2d 1154 (3d Cir.1980); *see also Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Pettaway v. Plummer,* 943 F.2d 1041 (9th Cir.1991), *cert. denied,* — U.S. —, 113 S.Ct. 296, 121

---

1. Nothing in this opinion should be read as expressing a view on the related, but separate, question whether criminal punishment of Weems for structuring amounts to a second punishment in light of the prior civil forfeiture of his property. *Cf. Department of Revenue v. Kurth Ranch,* — U.S. —, —, 114 S.Ct. 1937, 1945, 128

L.Ed.2d 767 (1994); (tax proceeding successive to a criminal proceeding violative of double jeopardy); *United States v. Halper,* 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1901–02, 104 L.Ed.2d 487 (non-remedial civil sanction successive to a criminal proceeding violative of double jeopardy).

L.Ed.2d 220 (1992); *United States v. Hernandez*, 572 F.2d 218 (9th Cir.1978). In *Hernandez*, we explained that collateral estoppel should apply where (1) the issue sought to be litigated is sufficiently similar to the issue present in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine; (2) the issue was actually litigated in the first case; and (3) the issue was necessarily decided in the first case. 572 F.2d at 220.

The factual issue of whether Weems knew that the tenants of the Puyallup property were using the residence to grow marijuana was precisely the same in defendant's criminal trial as it was in the earlier civil forfeiture proceeding. In addition, the issue was material in both proceedings: in the first proceeding, defendant's knowledge or lack thereof determined whether or not the property was forfeitable pursuant to 21 U.S.C. § 881(a)(7); and in the second, such knowledge significantly bolstered the government's case by providing a reason why defendant might have intended illegally to structure the purchase of the Puyallup property. The government actively sought forfeiture under § 881(a)(7) as well as under 18 U.S.C. § 981, and vigorously litigated the issue of defendant's knowledge in the prior proceeding. After all of this, District Judge Dimmick in the forfeiture proceeding clearly and specifically found that "Weems has met his burden by a preponderance of the evidence that he had no knowledge of the marijuana grow operation. Weems was therefore an innocent owner...." The district court thus held that the property was not subject to forfeiture under § 881(a)(7).

The government argues that collateral estoppel cannot be invoked here because the district court ordered forfeiture on another ground; and therefore its determination that Weems was an innocent owner was not "necessary to the judgment" forfeiting defendant's property. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Pettaway*, 943 F.2d at 1043–44. The government interprets that phrase too narrowly. The determination of Weems' lack of knowledge was necessary to the court's decision that forfeiture was authorized only under 18 U.S.C. § 981, and not under § 881(a)(7).

■ The general rule is that in order to justify invoking collateral estoppel, a factual determination must have been "necessarily" (and not "presumably") decided in the first proceeding. *Pettaway*, 943 F.2d at 1044 (although "[d]iscussion of the necessity prong of collateral estoppel analysis is usually framed in terms of determinations that were necessary to the 'judgment' or the 'verdict' ... [t]he primary purpose of the rule ... is to ensure that the finder of fact in the first case took sufficient care in determining the issue."); *Hernandez*, 572 F.2d at 220; *see also* Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction § 4421 (1981).

In this case, it is very clear that the district court heard evidence and argument from both sides on the question of whether or not defendant knew of the marijuana grow, and specifically concluded that he did not. This conclusion was necessary to the court's decision that the Puyallup property was forfeitable on one of the government's requested grounds, but not both. The record in the forfeiture proceeding shows that the district court first decided whether the government could not succeed in its effort to forfeit the property on drug related grounds because Weems "had no knowledge of the marijuana grow operation." It was only after deciding that the property was not forfeitable under § 881(a)(7) that the district court went on to discuss whether the property could be forfeited under 18 U.S.C. § 981. The district court thus viewed its findings on § 881(a)(7) as necessary to its decision to reach the issue under § 981. It could have deemed the § 881 issues unnecessary and decided only the § 981 issues, but it did not do so. On this record then the court's findings on knowledge were "necessary" to its judgment based on § 981.

A corollary to the principle that for issue preclusion to apply, an issue must have been "necessary" to a prior judgment, is the principle that a determination adverse to the prevailing party is not given preclusive effect. *See United States v. Good Samaritan Church*, 29 F.3d 487, 489 (9th Cir.1994); *Fireman's Fund Ins. Co. v. Int'l Market*

*Place,* 773 F.2d 1068, 1069 (9th Cir.1985). *See also* Restatement Second of Judgments, § 27, comment h, Illustration 14, "Determinations Not Essential to the Judgment" (1982):

> 14. A, as owner of a trademark, brings an action against B for infringement. B denies the validity of the trademark and denies infringement. The court finds that the trademark is valid, but that B had not infringed it, and gives judgment for B. Thereafter A brings an action against B alleging that since the rendition of the judgment B infringed the trademark. B is not precluded from defending this action on the ground that the trademark is invalid.

In arguing that collateral estoppel may not be invoked in this case, the government relies heavily on the fact that the government was not entitled to appeal, as of right, the district court's finding, because it was contained in a judgment in the government's favor. We need not decide whether this factor should be dispositive in a case where the government assumed the burden of pleading and proving forfeiture on two independent grounds. Here the government had the opportunity to cross-appeal the court's decision in this case when defendant appealed the forfeiture. The government did not avail itself of that opportunity. *See United Aircraft Corp. v. NLRB,* 440 F.2d 85, 99 (2d Cir.1971) (holding that because the prevailing party could have sought review of an adverse determination through cross-appeal, "the general rule that 'determinations adverse to the winning litigant do not have conclusive effect as collateral estoppel' should not be applied.") (quoting 1B Moore, Federal Practice ¶ 0.443(5), at p. 3923 (1965)) (cited in Wright, Miller at 307).

The government also suggests that the fact that there was evidence of a marijuana grow at the Enumclaw property may be a "change in facts essential to a judgment" rendering collateral estoppel inapplicable, citing *Montana v. United States,* 440 U.S. 147, 159, 99 S.Ct. 970, 976, 59 L.Ed.2d 210 (1979). It argues that if the district court had had the additional evidence before it, it may not have believed Weems' innocent owner defense. The evidence regarding the *other* property, however, is not a change in the facts essential to the *Puyallup* findings, however. There has been no change in the underlying circumstances pertaining to the Puyallup property. A party is not entitled to relitigate an issue simply because it has found additional evidence that might lead a trier-of-fact to a different result.

The district court erred in permitting the government to introduce evidence of the marijuana grow at the Puyallup property at defendant's criminal trial. At retrial the evidence should be excluded.

Finally, appellant asks that his case be reassigned to a different district court judge for any further proceedings. This request is denied.

REVERSED and REMANDED for a new trial.

WILLIAM A. NORRIS, Circuit Judge, partially concurring:

I concur fully in Part I, but write separately because I disagree with the majority's holding in Part II that the district court's finding that Weems had no knowledge of the marijuana grow at the Puyallup property was *necessary* to the district court's judgment that the Puyallup property was forfeitable because it was purchased with structured funds.[1] Majority Opinion at 532.

The district court in the civil forfeiture proceeding entered judgment ordering that "the property identified as [the Puyallup property] is hereby FORFEITED to the United States." ER Tab 1 at 10. Thus, the Government was the prevailing party. The determination that Weems was an innocent owner, though fully and fairly litigated and decided, did not support the judgment in favor of the Government that the property

---

1. Recall that collateral estoppel applies when (1) the issue sought to be litigated is sufficiently similar to the issue present in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine; (2) the issue was actually litigated in the first case, and (3) *the issue was necessarily decided in the first case.* *United States v. Hernandez,* 572 F.2d 218, 220 (9th Cir.1978) (emphasis added).

was forfeitable. The law in the Ninth Circuit is that a determination adverse to the prevailing party is *not necessary* to the judgment and is therefore generally not given preclusive effect. *United States v. Good Samaritan Church,* 29 F.3d 487, 489 (9th Cir. 1994); *see also Fireman's Fund Ins. Co. v. Int'l Mkt. Place,* 773 F.2d 1068, 1069 (9th Cir.1985).

The three major treatises·on this topic are in accord with Ninth Circuit law that the determination that Weems was an innocent owner was not necessary to the judgment of forfeiture. *See* James Wm. Moore, et al., 1B Moore's Federal Practice ¶.443 [5.–1], at 585–86 (2d ed. 1994); Restatement Second of Judgments,· § 27, comment h, Illustrations 13 & 14, "Determinations Not Essential to the Judgment" (1982); Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction § 4421, at 199 (1981).

The majority disregards this authority.and holds that the determination that Weems was an innocent owner—a determination adverse to the prevailing party—was necessary to the judgment of forfeiture. Majority Op. at 531–32. The majority goes astray by substituting one of the two rationales underlying the "necessary to the judgment" rule for the rule itself.

The two rationales supporting the "necessary to the judgment" rule are: (1) "to ensure that the finder of fact in the first case took sufficient care in determining the issue," *Pettaway v. Plummer,* 943 F.2d 1041, 1044 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 296, 121 L.Ed.2d 220 (1992); and (2) to protect against the fact that "appellate review of a determination may not be available where the issue is not necessary to the determination of the final judgment," *id.* n. 1; *accord Haupt v. Dillard,* 17 F.3d 285, 289 n. 3 (9th Cir.1994); Moore et al., ¶.433[5.–1], at 585; Wright, Miller § 4421, at 193. The majority takes the first rationale and converts it into the test for whether a decided issue is "necessary" to the final judgment: the majority concludes that because "it is very clear that the district court heard evidence and argument from both sides" the determination that Weems was an innocent owner must have been necessary to the judg-

ment of forfeiture. Majority Op. at 532–33. This conclusion is. logically flawed.

The two rationales underlying the "necessary to the judgment" rule ultimately justify why a determination made in a prior proceeding should or should not have *preclusive effect* on later proceedings. They do not, however, necessarily go to what determinations are "necessary to the judgment." *See* Wright, Miller § 4421, at 196–97. It is precisely for this reason that even though I disagree with the majority's holding that the innocent owner determination was necessary to the judgment, I nevertheless agree that it should be given preclusive effect. Neither of the two rationales underlying the "necessary to the judgment" rule are implicated here: the innocent owner issue was fully and fairly litigated and the Government had an opportunity to challenge the adverse finding on cross-appeal. Majority Op. at 532–33. Therefore, this case warrants an exception to the general rule that preclusive effect should be given only to determinations that are, among other things, necessary to a previous judgment. *See, e.g., United Aircraft Corp. v. NLRB,* 440 F.2d 85, 99 (2d Cir.1971) (holding that because the prevailing party could have sought review of an adverse determination through cross-appeal, the adverse determination would be given preclusive effect despite the general rule that "determinations adverse to the winning litigant do not have conclusive effect as collateral estoppel"); *Home Owners Fed. Sav. & Loan Ass'n v. Northwestern Fire & Marine Ins. Co.,* 354 Mass. 448, 238 N.E.2d 55, 59 (1968) ("[O]ur holding expands the applicability of the doctrine of collateral estoppel to encompass certain findings not strictly essential to the final judgment in the prior action.... Such findings may be relied upon if it is clear that the issues underlying them were treated as essential to the prior case by the court and the party to be bound.... We deem this limited extension of the rule warranted in view of the strong and oft-stated public policy of limiting each litigant to one opportunity to try his case on the merits."); Wright, Miller § 4421, at 200 ("Preclusion could be made available so long as it can be made to·appear that real

care was in fact taken in litigating and deciding the unnecessary issue.").