95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelly GALATZ, Plaintiff-Appellant,
v.
FRANSCELL, STRICKLAND, ROBERTS & LAWRENCE; Barbara Roberts,
P.C., Defendants-Appellees.
 No. 95-56289.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1996.
Decided Aug. 27, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kelly Escobar Galatz ("Galatz") appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of her diversity action alleging defamation by Barbara Roberts ("Roberts"), the attorney who represented the police officers in Escobar v. Scutella, Nos. 95-55221/55389. In that action, Galatz alleged she was unlawfully arrested as an accessory to her husband's murder of their six-month-old child. In this case, Galatz claims that Roberts defamed her by telling a newspaper reporter that Galatz admitted during trial that she had lied to the police about how the child was injured. The district court dismissed the action on the basis of its determination that Judge Marshall's post-trial decision granting qualified immunity to the officers in Escobar precluded Galatz from litigating the facts at issue here. We have jurisdiction pursuant to 28 U.S.C. § 1291. While we disagree that the action was collaterally estopped, we affirm because we hold that the action was precluded by Galatz's admissions at trial.
 
 DISCUSSION
 A. Collateral Estoppel
 
 3
 The availability of collateral estoppel is a mixed question of fact and law reviewed de novo. Town of North Bonneville v. Callaway (Bonneville), 10 F.3d 1505, 1508 (9th Cir.1993). Dismissal under Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). "Federal law governs the collateral estoppel effect of a federal case decided by a federal court." Fireman's Fund Ins. Co. v. International Mkt. Place, 773 F.2d 1068, 1069 (9th Cir.1985) (citing Blonder-Tongue Labs. v. University of Illinois Found., 402 U.S. 313, 324 n. 12 (1971)).
 
 
 4
 Under the federal standard, three elements must be met to foreclose relitigation of an issue under the doctrine of collateral estoppel:
 
 
 5
 (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.
 
 
 6
 Bonneville, 10 F.3d at 1508 (citing Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992) (alterations omitted). "When the issue for which preclusion is sought is the only rational one the fact finder could have found, then that issue is considered foreclosed, even if no explicit finding of that issue has been made." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1321 (9th Cir.1992).
 
 
 7
 The district court found that Judge Marshall's post-trial grant of qualified immunity to the defendant officers foreclosed relitigation of the issue of Galatz's truthfulness. We disagree with this conclusion. Galatz's statements to the police were at issue for the sole purpose of determining whether the officers were objectively reasonable in arresting her on the assumption she had lied to protect her husband. In granting qualified immunity, Judge Marshall found only that a reasonable officer could have believed that Galatz had been untruthful: "[Galatz] made statements which led the Officers to believe that the injuries had been caused by her other child Madison. From the Officers' perspective, Plaintiff seemed to implicate Mark only after she was confronted with the fact that Madison could not have inflicted Michael's deadly injuries" (emphasis added). Judge Marshall did not need to determine, nor did she determine, what was in Galatz's mind when she denied knowing how the baby had been injured.
 
 
 8
 Because Galatz's truthfulness was not at issue at trial or necessary to Judge Marshall's disposition of the case, we hold that collateral estoppel does not apply.
 
 B. Substantial Truth Defense
 
 9
 A motion to dismiss may be treated as one for summary judgment under Fed.R.Civ.P. 56 if matters outside the pleadings are submitted. We may affirm a district court's dismissal as a valid entry of summary judgment where there are no issues of material fact and parties are given adequate opportunity to brief the issues involved. Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1494-96 (9th Cir.1995); Fed.R.Civ.P. 12(b)(6). Summary judgment is reviewed de novo, applying the same standard that guides the district court. Id. at 1496. We may affirm the district court's grant of summary judgment on any ground supported by the record. Weiser v. United States, 959 F.2d 146, 147 (9th Cir.1992).
 
 
 10
 "California law defines libel as a false and unprivileged publication ... which exposes a person to contempt, ridicule, or obloquy, and which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Wynberg v. National Enquirer, Inc., 564 F.Supp. 924, 925 (C.D.Cal.1982). "Plaintiff's admission of truth bars his defamation cause of action." Hejmadi v. Amfac, Inc., 249 Cal.Rptr. 5, 21 (1988). "Under California law, Defendant can defeat a libel action by proving that the allegedly libelous publication, although not literally true in every detail, is substantially true in its implication, that the gist of the article, when read as a whole, is true." Wynberg, 564 F.Supp. at 927. See also Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516-17 (1991) (recognizing "substantial truth" defense to defamation under California law).
 
 
 11
 The district court determined that Roberts was entitled to the "substantial truth" defense to defamation under California law because the collateral estoppel effect of the previous judgment rendered the facts undisputed as a matter of law:
 
 
 12
 Judge Marshall's findings as to what Kelly Galatz told the police demonstrate on their face that Galatz was not truthful when asked by the police how her son was injured. At a minimum, Galatz gave a false impression to police as to her knowledge of how her son was injured.
 
 
 13
 While we reject the court's holding regarding collateral estoppel, we hold that the court was entitled to rely on Judge Marshall's factual findings in assessing the substantial truth of Roberts' remark.
 
 
 14
 As reflected in Judge Marshall's findings, Galatz's testimony at trial support an inference that she gave inconsistent stories to the police. She first stated she did not know how her child was injured, and later admitted that her husband had thrown an onion chopper which had accidentally struck the child. We hold that the district court did not err in finding that these facts support a substantial truth defense barring Galatz's claim.[1]
 
 
 15
 Accordingly, we affirm the district court's dismissal of the action.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We observe that the California Court of Appeal has recently held that the common law presumption of falsity does not apply to allegedly defamatory remarks which relate to matters of public interest. Nizam-Aldine v. City of Oakland, 54 Cal.Rptr.2d 781, 786-88 (Cal.App.1996) (applying Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 768-69 (1986) to non-media defendants). Thus, the burden of proof is on the plaintiff to prove falsity in cases involving matters of public interest. We assume without deciding that Galatz's action against the officers was a matter of public interest and hold that regardless of which party properly bore the burden of truth here, Galatz's admissions bar her defamation claim as a matter of law