**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENIZ BOLBOL and JOSEPH PATRICK CUVIELLO, I, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FELD ENTERTAINMENT, INC., DBA Ringling Bros and Barnum & Bailey Circus; et al., <br><br> Defendants - Appellees. | No. 13-15484 <br><br> D.C. No. 5:11-cv-05539-PSG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted May 15, 2015
San Francisco, California

Before: N.R. SMITH and OWENS, Circuit Judges and COLLINS,[**] Chief District

Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raner C. Collins, Chief District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Deniz Bolbol and Joseph Cuviello appeal the district court's orders dismissing their complaint and granting summary judgment to Defendants. Plaintiffs contend that the district court erred by (1) finding that Plaintiffs were collaterally estopped from bringing their claim that Defendants violated their constitutional right to film over the wall of the backstage loading area of the HP Pavilion; (2) finding that a claim for violation of free speech rights under Article I, section 2(a) of the California Constitution requires proof that the defendant was a state actor; and (3) dismissing Plaintiffs' claim for vandalism. We affirm.

1.     The district court found that collateral estoppel warranted dismissing Plaintiffs' complaint based on a long running prior litigation between Plaintiffs, the HP Pavilion's management, and the City of San Jose, pertaining to Plaintiffs' free speech activity in the HP Pavilion's parking lot. We review de novo the district court's order dismissing a complaint for failure to state a claim for which relief can be granted. *Stone v. Travelers Corp.*, 58 F.3d 434, 436-37 (9th Cir. 1995). Three requirements must be met before collateral estoppel can apply: "(1) the issue sought to be litigated is sufficiently similar to the issue present in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine; (2) the issue was actually litigated in the first case; and (3) the issue was necessarily decided in the first case." *United States v. Weems*, 49 F.3d 528, 532

(9th Cir. 1995). "[W]here the court heard evidence and argument from both parties, and specifically ruled on the issue, a party may not escape the ruling's binding effect on the ground that it was not logically essential to the court's ultimate determination." *United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001).

The district court properly applied collateral estoppel, because in the previous case the district court held that Plaintiffs had no constitutional right to videotape into the backstage loading area, even from the public sidewalk, and enjoined Plaintiffs from doing so. Plaintiffs concede that the district court properly found that the HP Pavilion's backstage loading area was a non-public forum. The previous litigation over the scope of the permanent injunction necessarily required the district court to determine the balance of privacy rights that Plaintiffs now seek to argue in the present case. Plaintiffs themselves asked the district court in that case to amend the scope of the injunction to permit them to videotape into the backstage loading area from the public sidewalk. The court declined, based on the privacy interests of Feld's employees. This finding is sufficient to prevent relitigation of the identical issues in the present action.

2.     In its summary judgment order, the district court held that the protections of Article I, section 2(a) of the California Constitution are only triggered by state

3

action, based on *Golden Gateway Center v. Golden Gateway Tenants Association*, 29 P.3d 797 (Cal. 2001). We review de novo the district court's order granting summary judgment to Defendants. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). While we agree with Plaintiffs that the lead opinion in *Golden Gateway* was not controlling on this question,[1] we are thus left without controlling precedent from the California Supreme Court. In the absence of controlling precedent from California's highest court, we "follow decisions of the California Court of Appeal unless there is convincing evidence that the California Supreme Court would hold otherwise." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010). The California Court of Appeal has squarely held that "[a] person's free speech rights under the federal and state constitutions are not infringed unless there is state action." *Yu v. Univ. of La Verne*, 126 Cal. Rptr. 3d 763, 771 (Ct. App. 2011). We conclude that the California Supreme Court would impose a state action requirement on Article I, section 2(a), along the lines suggested in the *Golden Gateway* plurality opinion. Accordingly, Defendants are

---

[1] We disagree with Plaintiffs that the California Supreme Court resolved the state action question in *Gerawan Farming, Inc. v. Lyons*, 12 P.3d 720, 735 (Cal. 2000). A majority of the California Supreme Court held in *Golden Gateway* that *Gerawan Farming*'s analysis of the question is not a binding statement of California law. *Golden Gateway*, 29 P.3d at 807 (plurality opinion); *id.* at 819 & n.2 (Werdegar, J., dissenting).

entitled to summary judgment, because Plaintiffs have not produced evidence that Defendants are owners of "private property . . . [that] is freely and openly accessible to the public." *Golden Gateway*, 29 P.3d at 810 (plurality opinion).

3.       Lastly, Plaintiffs contend that the district court erred when it dismissed a claim for "vandalism" in Plaintiffs' First Amended Complaint, holding that no such tort existed under California law.  The district court dismissed the claim with leave to amend, and Plaintiffs did not reallege the claim for "vandalism" in any amended complaint.  Because Plaintiffs did not voluntarily reallege the "vandalism" claim, they have waived review of the district court's order dismissing the claim.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012); *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013). The district court's denial of leave to amend the Second Amended Complaint to add a claim for trespass to chattels was not appealed and is not before us.

       **AFFIRMED**.