**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50083 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00320-RGK-1 |
| v. | |
| WASHINGTON BRYAN II, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 13, 2018[**]
Pasadena, California

Before:  ROGERS,[***] BYBEE, and WATFORD, Circuit Judges.

The district court did not abuse its discretion in admitting evidence that the

structured funds were derived from a potentially illicit source.  The challenged

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John M. Rogers, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

evidence tended to show that Dr. Washington Bryan II prescribed opioids and other drugs in exchange for cash. This evidence was relevant to prove that Bryan acted with the requisite intent because it "provid[ed] a reason why [Bryan] might have intended illegally to structure" the cash transactions. *United States v. Weems*, 49 F.3d 528, 532 (9th Cir. 1995). From the disputed evidence, the jury could infer that Bryan structured his deposits to evade reporting requirements and avoid drawing attention to his potentially improper prescription practices.

The admission of the evidence did not violate Federal Rule of Evidence 404. Although the evidence involved acts dissimilar to the charged conduct, similarity "is not always a prerequisite." *United States v. Ramirez-Jimenez*, 967 F.2d 1321, 1326 (9th Cir. 1992). Here, the evidence was highly probative of Bryan's motive, and therefore was admissible under Rule 404(b). *See id.*

Nor did the district court abuse its discretion in weighing the risk of unfair prejudice against the probative value of the evidence pursuant to Federal Rule of Evidence 403. The evidence had significant probative value, particularly because Bryan disputed the intent element at trial and offered an alternative explanation for the pattern of deposits. While evidence of potential drug diversion carried a risk of prejudice, the district court mitigated that risk by issuing limiting instructions to the jury. *See United States v. Flores-Blanco*, 623 F.3d 912, 920 (9th Cir. 2010).

**AFFIRMED.**