**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

LAMAR JOHNSON,
*Defendant-Appellant.*

No. 17-10252

D.C. No.
3:16-cr-00251-WHA-1

ORDER AND
AMENDED
OPINION

On Remand From the United States Supreme Court

Argued and Submitted March 12, 2020
San Francisco, California

Filed June 25, 2020
Amended October 26, 2020

Before:  J. Clifford Wallace, Johnnie B. Rawlinson,
and Paul J. Watford, Circuit Judges.

Order;
Opinion by Judge Watford

## SUMMARY[*]

### Criminal Law

On remand from the Supreme Court, the panel filed (1) an amended opinion affirming the defendant's convictions for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (2) an order denying a petition for panel rehearing and denying on behalf of the court a petition for rehearing en banc.

After the panel issued its original opinion, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that a defendant may be convicted under § 922(g) only if government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm"—in this case, those convicted of a crime punishable by more than one year of imprisonment. The Supreme Court granted the defendant's petition for certiorari and remanded for further consideration in light of *Rehaif*.

The panel wrote that the defendant's argument on remand is best understood not as a challenge to the sufficiency of the evidence, but rather as a claim that the district court applied the wrong legal standard in assessing his guilt—specifically, by omitting the knowledge-of-status element now required under *Rehaif*. The panel applied the plain-error review standard under Fed. R. Crim. P. 52(b), and noted that the government conceded that the first two prongs are met:  the district court erred by not requiring the

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

government to prove the defendant's knowledge of his status as a convicted felon, and that the error is now clear following *Rehaif*. The panel assumed without deciding that the district court's error affected the defendant's substantial rights, satisfying the third prong.

The panel wrote that only the fourth prong—as to which the defendant must show that the district court's error seriously affected the fairness, integrity, or public reputation of judicial proceedings—remained in dispute. The panel explained that this requirement helps enforce one of Rule 52(b)'s core policies, which is to reduce wasteful reversals by demanding strenuous exertion to get relief for unreserved error. In assessing whether the defendant satisfied the fourth prong, the panel concluded that it is appropriate in this case to review the entire record on appeal—not just the record adduced at trial—because the record on appeal in this case contains evidence the government would introduce to prove that the defendant knew of his status as a convicted felon. The panel concluded that given the overwhelming and uncontroverted nature of that evidence, the defendant cannot show that refusing to correct the district court's error would result in a miscarriage of justice.

## COUNSEL

Robin Packel (argued), Assistant Federal Public Defender; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender Oakland, California; for Defendant-Appellant.

Alexis J. Loeb (argued) and Philip Kopczynski, Assistant United States Attorneys; Merry Jean Chan, Chief, Appellate Section, Criminal Division; David L. Anderson, United

States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

Doug Keller, The Law Office of Doug Keller, San Diego, California; Devin Burstein, Warren & Burstein, San Diego, California; for Amici Curiae Doug Keller and Devin Burstein.

**ORDER**

The opinion filed on June 25, 2020, and published at 963 F.3d 847, is amended by the opinion filed concurrently with this order.

With these amendments, the panel unanimously votes to deny the petition for panel rehearing. Judge Rawlinson and Judge Watford voted to deny the petition for rehearing en banc, and Judge Wallace so recommends. The full court has been advised of the petition for rehearing en banc, and no judge requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for panel rehearing and rehearing en banc, filed August 7, 2020, is DENIED.

No further petitions for panel rehearing or rehearing en banc will be entertained.

**OPINION**

WATFORD, Circuit Judge:

When this case was last before us, we affirmed Lamar Johnson's convictions for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Johnson*, 913 F.3d 793 (9th Cir. 2019). After we issued our opinion, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). There, the Court held that a defendant may be convicted under § 922(g) only if the government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm"—in our case, those convicted of a crime punishable by more than one year of imprisonment. *Id.* at 2200. Johnson filed a petition for certiorari in which he argued for the first time that the government failed to prove at trial that he knew of his status as a convicted felon. The Supreme Court granted his petition, vacated the judgment, and remanded the case for further consideration in light of *Rehaif*. 140 S. Ct. 440 (2019).

Following remand, we received supplemental briefs from the parties and heard oral argument. After considering the parties' contentions regarding the effect of *Rehaif*, we again affirm Johnson's convictions.

The background facts may be briefly summarized. The government charged Johnson with various drug and firearms offenses, including two counts of being a felon in possession of a firearm. Johnson moved to suppress the firearms and other evidence found during searches of his home and car. The district court denied the motion. To facilitate appellate review of that ruling, Johnson waived his right to a jury trial and agreed to proceed with a stipulated-facts bench trial. In lieu of calling witnesses, the parties submitted a written

stipulation describing the agreed-upon facts, which included, as relevant here, that two different firearms were found in Johnson's possession on separate dates and that, prior to the dates in question, he "had been convicted of a felony, *i.e.*, a crime punishable by imprisonment for a term exceeding one year." On the basis of the stipulated facts, the district court found Johnson guilty of violating 18 U.S.C. § 922(g)(1).

Johnson frames his argument on remand as a challenge to the sufficiency of the evidence. He contends that his § 922(g) convictions must be reversed because the government did not introduce sufficient evidence establishing that he knew of his status as a convicted felon. Johnson did not raise this challenge in the district court, which is not surprising. At the time of Johnson's trial, our circuit's law did not require the government to prove that a defendant knew of his status as a convicted felon. *See United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997). The Supreme Court's decision in *Rehaif* first imposed that requirement after Johnson's trial concluded.

In our initial opinion on remand, we accepted Johnson's framing of the issue and analyzed his argument as a challenge to the sufficiency of the evidence. Because Johnson had not raised his sufficiency-of-the-evidence challenge in the district court, we reviewed his claim for plain error under Federal Rule of Criminal Procedure 52(b). *See United States v. Johnson*, 963 F.3d 847, 850 (9th Cir. 2020).

After we filed our opinion, Johnson petitioned for rehearing and rehearing en banc. In conjunction with that petition, we received a brief from *amici curiae* drawing our attention to *United States v. Atkinson*, 990 F.2d 501 (9th Cir. 1993) (en banc), a case that neither of the parties had

previously cited. In *Atkinson*, our court held that a defendant who pleads not guilty and proceeds to a bench trial need not move for a judgment of acquittal in order to preserve a challenge to the sufficiency of the evidence. *Id.* at 503. "A motion to acquit is superfluous," we reasoned, "because the plea of not guilty has brought the question of the sufficiency of the evidence to the court's attention." *Id.* Because Johnson pleaded not guilty and was convicted following a bench trial, *amici* argued that we should have reviewed Johnson's sufficiency-of-the-evidence challenge *de novo* rather than under the plain-error standard. We asked the government and Johnson to submit a second round of supplemental briefs addressing the impact of *Atkinson* on the outcome of this appeal.

Having reviewed the parties' submissions, we reaffirm our conclusion that Rule 52(b)'s plain-error standard governs here. Our reasoning differs, however, from that offered in our original opinion.

We agree with the government that, although Johnson has framed his argument as a challenge to the sufficiency of the evidence, that is not in fact the correct way to conceive of it. Our court has held that a sufficiency challenge must be assessed against the elements that the government was required to prove at the time of trial. *United States v. Kim*, 65 F.3d 123, 126–27 (9th Cir. 1995); *see United States v. Weems*, 49 F.3d 528, 530–31 (9th Cir. 1995). Johnson does not contest that the government introduced evidence sufficient to satisfy each of the elements required for conviction at the time of his trial. Thus, Johnson's argument is best understood not as a challenge to the sufficiency of the evidence, but rather as a claim that the district court applied the wrong legal standard in assessing his guilt—specifically, by omitting the knowledge-of-status element now required

under *Rehaif*. The rule we announced in *Atkinson* therefore does not apply here.

In a bench trial, a district court's legal error regarding the elements of the offense is reviewed in the same way we review an erroneous jury instruction regarding the elements of the offense. *United States v. Argueta-Rosales*, 819 F.3d 1149, 1156 (9th Cir. 2016). A jury instruction that omits an element of the offense is reviewed for plain error if the defendant failed to object in the district court. *Johnson v. United States*, 520 U.S. 461, 465–66 (1997). That remains true even if "a solid wall of circuit authority" would have rendered any objection futile at the time of trial. *United States v. Keys*, 133 F.3d 1282, 1284, 1286–87 (9th Cir. 1998) (en banc). Under this framework, Johnson's failure to object at trial to the district court's omission of the knowledge-of-status element triggers review under the plain-error standard of Rule 52(b).

To establish plain error, Johnson must show that (1) there was an error, (2) the error is clear or obvious, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). The government concedes that the first two prongs are met: The district court erred by not requiring the government to prove Johnson's knowledge of his status as a convicted felon, and that error is now clear following *Rehaif*. We will further assume without deciding that the district court's error affected Johnson's substantial rights, thereby satisfying the third prong. Only the fourth prong remains in dispute.

Under the fourth prong, Johnson must show that the district court's error seriously affects the fairness, integrity, or public reputation of judicial proceedings. That

requirement helps enforce one of Rule 52(b)'s core policies, which is to "reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). As the Supreme Court has stated, Rule 52(b) authorizes courts to correct unpreserved errors, but that power "is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Young*, 470 U.S. 1, 15 (1985) (quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982)).

The central issue we must decide is whether, in assessing the fourth prong of the plain-error standard, we may consider the entire record on appeal or only the record developed at trial. If we are limited to considering the trial record alone, as Johnson urges, his case for reversal appears strong. The factual stipulation submitted by the parties does not state whether Johnson knew he had been convicted of a crime punishable by imprisonment for more than a year. It merely states, as a matter of historical fact, that Johnson had previously been convicted of "a crime punishable by imprisonment for a term exceeding one year." Without more information about the nature of the crime or the length of the sentence imposed, a rational trier of fact would be hard pressed to infer that Johnson knew of his prohibited status as required under *Rehaif*. And that failure of proof might well be deemed to affect the fairness or integrity of the judicial proceedings resulting in his convictions. *See United States v. Cruz*, 554 F.3d 840, 851 (9th Cir. 2009). For the reasons explained below, however, we think it is appropriate in this case to review the entire record on appeal—not just the record adduced at trial—in assessing whether Johnson has satisfied the fourth prong of plain-error review.

Because Johnson's challenge is properly understood as a claim of trial error, retrial would be permitted even if he succeeded in establishing plain error on appeal. *See Weems*, 49 F.3d at 530 (citing *United States v. DiFrancesco*, 449 U.S. 117 (1980)). To satisfy the fourth prong when a retrial would be permissible, a defendant must offer a plausible basis for concluding that an error-free retrial might end more favorably. For if the hypothetical retrial is certain to end in the same way as the first one, then refusing to correct an unpreserved error will, by definition, not result in a miscarriage of justice. Indeed, choosing to correct the error in those circumstances would produce the very sort of "wasteful reversals" that Rule 52(b) aims to avoid. *Dominguez Benitez*, 542 U.S. at 82.

The Supreme Court's most analogous plain-error cases support this view, albeit without analyzing the issue explicitly in these terms. In *Johnson v. United States*, 520 U.S. 461 (1997), the Court was asked to decide whether the district court's plain error in failing to submit an element of the offense to the jury warranted relief under Rule 52(b). *Id.* at 463. The Court assumed that the error affected the petitioner's substantial rights but held that she could not satisfy the fourth prong of plain-error review because the evidence supporting the omitted element—materiality—was "overwhelming" and "essentially uncontroverted." *Id.* at 469–70. The Court stressed that, even in her briefs on appeal, "petitioner has presented no plausible argument that the false statement under oath for which she was convicted . . . was somehow not material to the grand jury investigation." *Id.* at 470. Presumably, if the petitioner *had* articulated a plausible argument for why the jury could have found in her favor on materiality, remand for a retrial at which the jury was required to decide that element would have been warranted. But in the absence of any such

argument, the Court concluded that no miscarriage of justice would result by leaving the district court's error uncorrected. *See id.*

The Court reached the same conclusion in *United States v. Cotton*, 535 U.S. 625 (2002). That case involved a drug-trafficking prosecution in which the indictment failed to allege a fact—drug quantity—required under the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Cotton*, 535 U.S. at 627–28. As in *Johnson*, the Court assumed that the defendants' substantial rights were affected by the error but found the fourth prong of plain-error review had not been satisfied. *Id.* at 632–33. Relying on the "overwhelming and uncontroverted" evidence establishing that the defendants had trafficked in quantities well above the relevant thresholds, the Court held that the error did not seriously affect the fairness, integrity, or public reputation of their proceedings. *Id.* at 633–34. After cataloging the evidence introduced at trial, the Court observed: "Surely the grand jury, having found that the conspiracy existed, would have also found that the conspiracy involved at least 50 grams of cocaine base." *Id.* at 633. In other words, no point would have been served by reversing the defendants' convictions and requiring the prosecution to begin anew with an indictment issued by a properly instructed grand jury.

*Johnson* and *Cotton* confirm that the fourth prong of plain-error review is designed, in part, to weed out cases in which correction of an unpreserved error would ultimately have no effect on the judgment. In those two cases, the Court was not attempting to determine whether the grand and petit juries had actually made the findings required for indictment or conviction, notwithstanding the challenged errors. It was undisputed that the juries had not done so, because they had not been asked to make those findings. The Court was thus

engaged in making a predictive judgment about whether, if the defendants' convictions were reversed and the prosecution or trial had to start over, the outcome would potentially be any different.  In the face of overwhelming and uncontroverted evidence suggesting that the answer was no, and with the defendants offering no plausible argument to conclude otherwise, the Court held that the errors in question did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  In fact, the Court stated, "it would be the *reversal* of [the defendant's conviction] which would have that effect."  *Johnson*, 520 U.S. at 470 (emphasis added); *see Cotton*, 535 U.S. at 634.

With that understanding of the inquiry required when a retrial would be permissible, we see no basis for limiting our review under the fourth prong to the record adduced at trial.  In a case like this one, in which the error under review involves omission of an element of the offense, the record on appeal will often not disclose what additional evidence the government would introduce to prove an element that it had no reason to prove during the first trial.  But if the record on appeal *does* disclose what that evidence consists of, and the evidence is uncontroverted, we can think of no sound reason to ignore it when deciding whether refusal to correct an unpreserved error would result in a miscarriage of justice.

In this case, the record on appeal contains additional evidence the government would introduce to prove that Johnson knew of his status as a convicted felon.  And given the overwhelming and uncontroverted nature of that evidence, Johnson cannot show that refusing to correct the district court's error would result in a miscarriage of justice.  According to the presentence report prepared in this case, at the time he possessed the firearms, Johnson had sustained

the following convictions: a 1998 felony conviction for which he received a sentence of 28 months in prison; a 2004 felony conviction for which he received a sentence of two years in prison; and a 2007 felony conviction for which he was again sentenced to two years in prison. In his supplemental brief, Johnson does not dispute the accuracy of the presentence report's description of his criminal history. In light of the sentences imposed in his earlier cases, Johnson cannot plausibly argue that a jury (or judge, if he opted again for a bench trial) would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison. After all, he had in fact already served three prior prison sentences exceeding one year. *Cf. Rehaif*, 139 S. Ct. at 2198 (noting that a defendant "who was convicted of a prior crime but sentenced only to probation" might be able to claim that he did not know he had been convicted of a crime punishable by more than a year of imprisonment).

Several of our sister circuits have relied on uncontroverted evidence that a defendant was sentenced to more than a year in prison when rejecting post-*Rehaif* challenges to trial verdicts under plain-error review. *See, e.g.*, *United States v. Maez*, 960 F.3d 949, 959–60 (7th Cir. 2020); *United States v. Miller*, 954 F.3d 551, 559–60 (2d Cir. 2020); *see also Benamor*, 937 F.3d at 1189.[1] We conclude that such evidence will ordinarily preclude a defendant from satisfying the fourth prong of plain-error review when challenging the district court's failure to require the

---

[1] Courts have relied on similar evidence in rejecting post-*Rehaif* challenges in the guilty-plea context as well. *See, e.g.*, *United States v. Williams*, 946 F.3d 968, 973–74 (7th Cir. 2020); *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019). *But see United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).

government to prove that the defendant knew of his status as a convicted felon.

**AFFIRMED.**